(60 Misc. Rep. 296.)

## In re WILLIAMSBURGH TRUST CO.

(Surrogate's Court, Kings County. July, 1908.)

TRUSTS (§ 321*)—REMOVAL—COMPENSATION.

   . Where a testamentary trustee had been removed because of incompetency and improvidence, and a new trustee is appointed to execute the trust, commissions should not be allowed to the trustee who has been removed.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 466; Dec. Dig. § 321.*]

In the matter of the judicial settlement of the account of the Williamsburgh Trust Company, trustee of Nicholas Ryan. Referee's report confirmed.

Walter Jeffreys Carlin, for Catherine Ryan.

John D. Lyons, for receivers of Williamsburgh Trust Company.

KETCHAM, S. On the removal of a testamentary trustee, its accounts have been stated by the referee, who reports his conclusion that the trustee is entitled to commissions upon the principal of the fund, as well as upon income now on hand and upon income paid out by the receivers of the trustee appointed upon its suspension of business.

The trustee was removed from office upon grounds stated in the order of removal as follows:

"Because the said trustee is incompetent and otherwise unfit for the due execution of the trust and has been improvident in the management of the estate."

Where the trust remains to be executed by a new trustee, subject to the burden of his commissions, it is not just that compensation should be given to the trustee who has been removed for its fault.

The report of the referee should be confirmed in all things, save its finding in respect to these commissions.

Referee's report confirmed.